CARTER, Judge:
Plaintiff, Marie Bokenfohr Kearns, brings this action for medical malpractice against Sidney H. Warren, Jr., M.D. and Saul F. Landry, Jr., M.D., two internists, and their malpractice insurer, Hartford Fire Insurance Company.
Plaintiff, at the time of the incident which gave rise to this action, was 84 years old. On April 26, 1976, plaintiff fell and sustained a head injury. Approximately three days later, on April 29, plaintiff went to Dr. Warren’s office with complaints of headaches, vomiting, abrasions and swelling on the left side of her face. At the time of Dr. Warren’s examination, plaintiff exhibited no neurological symptoms and skull x-rays were negative. Plaintiff was then sent home.
On the way home from Dr. Warren’s office, plaintiff began to speak incoherently and appeared confused. Upon learning of this development, Dr. Warren admitted plaintiff to Terrebonne General Hospital for observation at approximately 10:00 p.m. on April 29, 1976.
The following day plaintiff had spells of disorientation,[1] and by May 1, 1976, she was semi-comatose.
A brain scan was performed which showed decreased blood flow through the left carotid artery. The defendants apparently diagnosed plaintiff’s malady as stroke.
On May 2, 1976, a general surgeon was consulted, and he diagnosed plaintiff’s condition as a cerebral contusion. The surgeon recommended an arteriogram and continued conservative treatment.
On the following day, plaintiff was transferred to Ochsner Foundation Hospital where a CAT scan was performed, and a subdural hematoma was diagnosed and treated.
Plaintiff subsequently filed suit alleging that the misdiagnosis and resulting delay in proper treatment constituted malpractice on the part of the defendants.
The trial court found that although defendants may have misdiagnosed plaintiff’s condition, they exercised a standard of care ordinarily expected of a physician practicing in that particular specialty. Accordingly, plaintiff’s suit was dismissed. From this adverse judgment, plaintiff appeals.
Plaintiff assigns the following specifications of error:[2]
*1026 (1) The trial court erred in denying plaintiff a trial by jury;
(2) The trial court erred in finding that defendants did not fall below the applicable standard of care; and
(3) The trial court erred in not awarding damages.

Trial by Jury

Plaintiff contends that the trial court was in error in denying plaintiff’s motion for trial by jury. In plaintiffs original petition, plaintiff prayed for jury trial. When the trial began, plaintiff was informed by the judge that the matter would not be tried by a jury because plaintiffs counsel had failed to request the issuance of a venire facias compelling the attendance of a jury venire. Plaintiff then requested a continuance to permit the impaneling of a jury, which was denied by the trial court.
There are three distinct steps as requisites in the perfection of a jury trial. First, demand for a jury trial must be made not later than ten days after service of the last pleading directed to such issue. LSA-C.C.P. art. 1732. Second, a bond must be posted to insure the cost thereof. LSA-R.S. 13:3050 (repealed by Acts of 1983, No. 534, § 11). Third, the motion requesting a venire facias must be made in sufficient time in advance of the date set for trial so that administrative procedures can be performed in an orderly and routine manner. The law is silent as to specific delays for accomplishing steps two and three above. Further, these requirements of necessity must occur in the order mentioned. Guidroz v. State Farm Fire and Casualty Co., 334 So.2d 535 (La.App. 1st Cir.1976).
Clearly, plaintiff did not comply with the legal requirements for a jury trial. This assignment is without merit.

Standard of Care

Plaintiff contends that the defendants’ conduct in caring for her fell below the applicable standard of care and that their actions constituted negligence.
The trial judge, in his written reasons for judgment, succinctly set forth the applicable law as follows:
“Under Louisiana Revised Statute 9:2794, which provides a recovery for instances of malpractice, the Plaintiff is required to show that a practitioner of a particular specialty of medicine when dealing with an issue peculiar to that specialty failed to exercise the degree of care ordinarily practiced by physicians within the involved specialty. The Defendants in the instant case practiced in the area of Internal Medicine. The issue therefore before the Court is whether the acts or omissions on the part of the Defendants was such as to constitute care less than that which was ordinarily practiced by internists in 1976. While the Statute does away with the so called ‘locality rule’ as applied to medical specialists, the Courts have rightly taken into consideration local conditions and facilities available in a particular geographical area as having a bearing on the actions of physicians. Ardoin v. Hartford Accident and Indemnity Company, 260 [360] So.2d 1331 (1978). In the instant case the Court must decide if, given the symptomatic evidence available and the history of the patient, the diagnostic conclusions and the treatment prescribed by the Defendants was within the standard of care applicable to specialists in Internal Medicine in 1976.
The Court has considered the testimony of the parties to this action and the testimony of expert witnesses from both sides. That testimony reveals among other things the following. The patient had a history of arterial-sclerotic disease for which she had been treated and hospitalized in 1972. The patient exhibited no strong lateralizing signs which would have indicated a brain lesion. The C.A.T. scan, while certainly not new in 1976, was not available in Houma and was not as frequently utilized nation-wide as it is at present. At that time an appropriate diagnostic tool under the circumstances was a brain scan. Neither a Neurologist *1027 nor a Neurosurgeon was practicing in Houma in 1976.
Expert testimony was, in part, contradictory. But testimony from doctors who were practicing in the specialty in 1976 indicates that the diagnosis of stroke made by the Defendants was within the sphere of reasonably possible diagnoses that would have been made by a physician practicing in that specialty. Testimony indicates that the symptoms of the Plaintiff were compatible with advanced arteriosclerosis. Other testimony established this was a difficult diagnosis under the circumstances.
The Court feels, after reviewing all of the expert testimony, that while the diagnosis reached by the Defendants was erroneous, as was later proven, it was not inappropriate. It is not malpractice to make a wrong diagnosis. It is only malpractice if that diagnosis was in error due to the failure to exercise -a standard of care to be ordinarily expected by a physician practicing in that particular specialty.”
After a careful review of the record and considering all of the evidence in this case, we find no manifest error in the trial judge’s ruling.
Because we upheld the trial judge’s determination that the defendants did not fail to exercise a standard of care ordinarily expected of a physician practicing in that particular specialty, we need not address plaintiff’s assignment of error with regard to the issue of damages.
For the above reasons, the judgment of the trial court is affirmed at appellant’s costs.
AFFIRMED.

. Dr. Saul Landry worked with Dr. Warren on Friday, April 30, 1976, on patients under Dr. Warren’s care. Dr. Landry was to replace Dr. Warren for the week-end and care for Dr. Warren’s patients in his absence.

. Although we have not specifically addressed each of plaintiff's assignments of error, we find the opinion adequately discusses all of plaintiff’s complaints.